UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DUBY,

    Plaintiff,　　　　　　　　　　　　Case No.

v.　　　　　　　　　　　　　　　　　Hon.

SHIRLEY MAY'S PLACE, LLC,
a Michigan Limited Liability Company,
and DENISE A. WALSH, an individual,
jointly and severally,

    Defendants.
_____

Charlotte Croson (P56589)
Joseph X. Michaels (P79084)
NACHTLAW, P.C.
101 North Main Street
Suite 555
Ann Arbor, MI 48104
(734) 663-7550
ccroson@nachtlaw.com
jmichaels@nachtlaw.com
_____

## COMPLAINT AND JURY DEMAND

Plaintiff, Jason Duby, by and through his attorneys, NACHTLAW, P.C., hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiff has brought a claim pursuant to the federal Fair

Labor Standards Act, 29 U.S.C. §201 *et seq*. The Court also has supplemental jurisdiction over the state law claims under Michigan's Workforce Opportunity Wage Act, 2014 Mi. ALS 138, 2014 Mi. P.A. 138, 2013 Mi. S.B. 934, pursuant to 28 U.S.C. § 1367

2. Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 as this is the judicial district in which the unlawful employment practices occurred and the relevant employment records are kept.

## PARTIES

3. Plaintiff Jason Duby is an individual residing in Morenci, Michigan in Lenawee County and is a former employee of Defendants.

4. Defendant Shirley May's Place, LLC (hereinafter "Shirley May's Place") is a Michigan limited liability company that conducts business in southeastern Michigan and is located in Lenawee County.

5. Defendant Denise A. Walsh is an individual who resides in Southeastern, Michigan.

6. Defendants are employers as defined by and subject to the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and Michigan's Workforce Opportunity Wage Act, 2014 Mi. ALS 138, 2014 Mi. P.A. 138, 2013 Mi. S.B. 934.

7. At all times during Plaintiff's employment with Defendants, Plaintiff was Defendants' employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and

Michigan's Workforce Opportunity Wage Act, 2014 Mi. ALS 138, 2014 Mi. P.A. 138, 2013 Mi. S.B. 934.

8. At relevant times, Defendants had at least two employees as defined by Michigan's Workforce Opportunity Wage Act, 2014 Mi. ALS 138, 2014 Mi. P.A. 138, 2013 Mi. S.B. 934.

9. At all times relevant to this action, Plaintiff was engaged in interstate commerce because Plaintiff sold, unloaded, handled, used, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, engaged in authorization of credit card purchases, and engaged in other activities of interstate commerce.

10. Upon information and belief, Defendant Shirley May's Place LLC's annual gross volume of business at all relevant times was not less than $500,000.

11. Upon information and belief, Defendant Shirley May's Place LLC has been, at all relevant times, an enterprise engaged in commerce within the meaning of the FLSA in that it (i) has or had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

## **STATEMENT OF FACTS.**

12. Plaintiff was employed by Defendants to work at their party store located in Lenawee County, Michigan, within this judicial district.

13. From approximately March 21, 2014 to March 26, 2016, Plaintiff was employed by and performed work for Defendants as a clerk.

14. For the approximately twenty-four months of his employment with Defendants, Plaintiff worked nearly every day. His typical schedule was from 5:00 a.m. to 10:30 p.m. Monday through Thursday; 5:00 a.m. to 11:30 p.m. Fridays and Saturdays; and 7:00 a.m. to 5:30 p.m. on Sundays. Plaintiff had occasional days off for a vacation and some holidays.

15. Defendants never paid Plaintiff any wages for the work that he performed for them.

16. Defendants never provided Plaintiff with a statement of his hours worked, wages paid, or deductions made and, upon information and belief, never provided such a statement to State or Federal agencies.

17. Defendant Denise A. Walsh is the sole owner and Resident Agent of Defendant Shirley May's Place LLC.

18. Defendant Denise A. Walsh has operational control of significant aspects of the day-to-day operations of Defendant Shirley May's Place LLC. Among other operations, Defendant Denise A. Walsh controlled the payment of

wages to Plaintiff; controlled the amount of wages paid to Plaintiff; determines the hours of operation of Defendant Shirley May's Place LLC; controls the finances of Defendant Shirley May's Place LLC; has control of all corporate decisions; has control of all corporate finances; and handles day-to-day problems relating to the operation of Defendant Shirley May's Place LLC.

## COUNT I
## (Violation of Fair Labor Standards Act (FLSA))

19.     Plaintiff hereby realleges and incorporates by reference the above paragraphs.

20.     Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Plaintiff was not exempt from the minimum wage requirement of the FLSA.

21.     At all times relevant to this action, Defendants, and each of them, willfully failed and refused to pay Plaintiff the federal minimum wages required by the FLSA, to Plaintiff's damage in amounts to be proven at trial.

22.     29 U.S.C. § 207 requires employers subject to the FLSA to pay employees one and one half times their respective regular rates for all hours worked over forty (40) hours in a week.

23. At all times relevant to this action, Defendants, and each of them, knowingly and willfully failed to properly pay time-and-a-half for hours worked more than forty (40) in a week to Plaintiff.

24. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

25. Based on the foregoing, each Plaintiff seeks unpaid overtime wages at the required legal rate for all of his hours worked in each week during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs and all other costs and penalties allowed by law.

## COUNT II
### (Violation of Michigan's Workforce Opportunity Wage Act)

26. Plaintiff hereby realleges and incorporates by reference the above paragraphs.

27. Section 3 of the Michigan's Workforce Opportunity Wage Act, 2014 Mi. ALS 138, 2014 Mi. P.A. 138, 2013 Mi. S.B. 934 establishes the right to be paid minimum wages. Plaintiff was not exempt from the minimum wage requirement of the Act.

28. At all times relevant to this action, Defendants, and each of them, willfully failed and refused to pay Plaintiff the Michigan minimum wages required

by the Workforce Opportunity Wage Act, to Plaintiff's damage in amounts to be proven at trial.

29. Section 4a of Michigan's Workforce Opportunity Wage Act requires employers subject to the Act to pay employees one and one half times their respective regular rates for all hours worked over forty (40) hours in a week.

30. At all times relevant to this action, Defendants, and each of them, knowingly and willfully failed to properly pay time-and-a-half for hours worked more than forty (40) in a week to Plaintiff.

31. Section 9 of Michigan's Workforce Opportunity Wage Act entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. All damages to which Plaintiff may be entitled;

b. Liquidated and multiple damages as allowed by law, including double damages;

c. An injunction ordering Defendants to cease their violations of the law as described here,

d. Attorneys' fees and costs; and

e. Any other relief to which the plaintiff may be entitled.

                                                Respectfully submitted,
                                                NACHTLAW, PC

                                                <u>/s/ Charlotte Croson</u>
                                                Charlotte Croson (P56589)
                                                Attorney for Plaintiff
                                                101 North Main Street, Suite 555
                                                Ann Arbor, MI 48104
                                                (734) 663-7550
                                                ccroson@nachtlaw.com

Dated:  April 21, 2016

## UNITED STATES OF DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JASON DUBY,

    Plaintiff,                                  Case No.

v.                                                   Hon.

SHIRLEY MAY'S PLACE, LLC,
a Michigan Limited Liability Company,
and DENISE A. WALSH, an individual,
jointly and severally,

    Defendants.
_____

## JURY DEMAND

    Plaintiff requests a trial by jury on his claims asserted herein.

                                    Respectfully submitted,
                                    NACHTLAW, PC

                                    <u>/s/ Charlotte Croson</u>
                                    Charlotte Croson (P56589)
                                    Attorney for Plaintiff
                                    101 North Main Street, Suite 555
                                    Ann Arbor, MI 48104
                                    (734) 663-7550
                                    ccroson@nachtlaw.com

Dated:  April 21, 2016