UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DUBY,

              Plaintiff,

v.

SHIRLEY MAY'S PLACE, LLC,
and DENISE A. WALSH,

              Defendants.
_____/

Case No. 16-11443

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

## **OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

In this action, Plaintiff Jason Duby alleges that Defendants Shirley May's Place, LLC and Denise A. Walsh willfully failed and refused to pay Plaintiff minimum wages as required by the Federal Labor Standards Act ("**FLSA**"), 29 U.S.C. § 206, and Michigan's Workforce Opportunity Wage Act ("**MWOWA**"), Mich. Comp. Laws § 408.413. Plaintiff also alleges that Defendants knowingly and willfully failed to compensate Plaintiff at a rate not less than one and one-half times Plaintiff's regular rate for work weeks longer than forty hours, as required by FLSA and MWOWA. *See* 29 U.S.C. § 207; Mich. Comp. Laws § 408.414a.

Now before the Court is Defendants' Motion to Dismiss, filed on May 23, 2016. (ECF No. 8, Defs.' Mot.) Plaintiff filed a timely Response on June 13, 2016 (ECF No. 10, Pl.'s Resp.), and Defendants did not file a reply. This Court held a hearing on the Motion on September 16, 2016. For the reasons set forth below, the Court DENIES Defendants' motion to dismiss.

### I.    BACKGROUND

Plaintiff alleges that he is Defendants' former employee, and that he worked as a clerk at Defendants' party store, Shirley May's Place ("**SMP**"). (Am. Compl. at ¶¶ 3, 4, 12-13.) Defendant

Denise Walsh was the sole owner and resident agent of Defendant Shirley May's Place, LLC and had control over its day-to-day operations. (*Id.* at ¶¶ 17-18.)

Plaintiff was employed by Defendants from approximately May 21, 2014 to approximately March 26, 2016. (*Id.* at ¶ 13.) Plaintiff typically worked from 5:00 a.m. to 10:30 p.m. Mondays through Thursdays; 5:00 a.m. to 11:30 p.m. on Fridays and Saturdays; and 7:00 a.m. to 5:30 p.m. on Sundays. (*Id.* at ¶ 14.) Plaintiff also received occasional days off for vacation and holidays. (*Id.*)

Plaintiff alleges that Defendants never paid him wages (standard or overtime) for the hours he worked. (Am. Compl. at ¶ 15.) Defendants also did not provide Plaintiff with a statement of the hours he worked, the wages he was paid, or any deductions taken. (*Id.* at ¶ 16.) Plaintiff alleges on information and belief that Defendants also never provided this information to state or federal agencies. (*Id.*)

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits dismissal of an action where the complaint fails to state a claim upon which relief can be granted. In reviewing a Rule 12(b)(6) motion to dismiss, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true legal conclusions or unwarranted factual inferences." *Treesh,* 487 F.3d at 476 (quoting *Gregory v.*

2

*Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A plaintiff must provide more than "formulaic recitation of the elements of a cause of action . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted). The Sixth Circuit has recently reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendants alternatively style their Motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. To this end, Defendants attached an exhibit to the Motion that includes a sworn declaration of Defendant Denise Walsh as well as Defendant Shirley May's Place, LLC's financial statements. (Def.'s Mot., Ex. A.) These constitute matters outside the pleadings because they are not mentioned in or central to Plaintiff's complaint, and are also not a matter of public record. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Accordingly, if the Court were to rely upon Defendants' exhibit, the present Motion would be converted to a motion for summary judgment and evaluated under Rule 56. *See* Fed. R. Civ. P. 12(d). In his Response, Plaintiff did not rely upon Defendants' exhibit and treated Defendants' Motion only as a motion to dismiss. Given the procedural posture of this case, and the fact that Defendants have attached a declaration that merely serves to dispute factual allegations in the complaint, the Court does not rely upon

3

Defendants' exhibit, and instead evaluates Defendants' Motion solely under Rule 12(b)(6).

### III.   ANALYSIS

#### A.   **Fair Labor Standards Act Claims**

The minimum wage and maximum hour provisions of the FLSA protect an employee in two different ways. "First, employees may be employed in an enterprise engaged in commerce or the production of goods for commerce and thus enjoy 'enterprise coverage.' Second, employees may themselves be engaged in commerce or in the production of goods for commerce, enjoying 'individual coverage.'" *Kowalski v. Kowalski Heat Treating, Co.*, 920 F. Supp. 799, 802-03 (6th Cir. 1996); *Usery v. Yates*, 565 F.2d 93, 96 (6th Cir. 1977); 29 U.S.C. § 206(a) (including within the scope of FLSA's minimum wage provision "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce . . . .").

Relevant to enterprise coverage, an "enterprise engaged in commerce or in the production of goods for commerce" is defined by the FLSA as an enterprise that: (1) has "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). "Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the [FLSA] were those engaged directly in interstate commerce. . . . Enterprise coverage substantially broadened the scope of the [FLSA] to include any employee of an enterprise engaged in interstate commerce," as defined by the statute. *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 295 n.8 (1985). On the

4

other hand, an employee is still entitled to individual coverage under the FLSA when he or she is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). Thus, an employee who works for an "enterprise engaged in commerce or in the production of goods for commerce" *or* an employee who is him- or herself "engaged in commerce or in the production of goods for commerce" is protected by the FLSA.

In this action, Plaintiff has alleged that Defendants failed to pay him minimum wages and overtime wages as required by the FLSA, 29 U.S.C. §§ 206, 207. Plaintiff clearly pleads coverage under both individual and enterprise coverage. (*See* Am. Compl. at ¶¶ 9, 10, 11.)

In support of his claim of enterprise coverage, Plaintiff alleged that Defendant Shirley May's Place, LLC was

> an enterprise engaged in commerce within the meaning of the FLSA in that it (i) has or had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales is not less than $500,000.

(*Id.* at ¶¶ 10, 11.)

Defendants contend that Plaintiff did not sufficiently state facts to support his FLSA claims. Plaintiff alleged that Defendants meet the definition of "an enterprise engaged in commerce" because SMP had the requisite annual sales volume, and because it "has or had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." (Am. Compl. at ¶ 11.) These allegations are not elaborate, but they do suffice for a plausible enterprise coverage claim under the FLSA.

Defendants also move to dismiss Plaintiff's FLSA claims by asserting that Defendant

5

Shirley May's Place does not constitute an "enterprise engaged in commerce or in the production of goods for commerce" because it did not achieve an annual sales volume of $500,000 and because it falls within family business exception, known colloquially as the "mom and pop" exception, which is set forth in 29 U.S.C. § 203(s)(2). Pursuant to the "mom and pop" exception, "[a]ny establishment that has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise." *Id*.

In support of these arguments, Defendants rely upon matters outside the pleadings: namely Defendant Walsh's Declaration, in which she avers that Plaintiff is her son and that she is the sole employee of Defendant Shirley May's Place, LLC, as well as financial statements supporting Defendants' claim that Defendant Shirley May's Place, LLC did not achieve the requisite annual sales volume. As stated above, the Court declines to rely upon any matter outside the pleadings or resolve any questions of fact at this time, and limits the scope of analysis here to Rule 12(b)(6). Restricting the record to an evaluation of sufficiency of the pleadings, the Court finds that Plaintiff has plausibly alleged an FLSA violation based upon enterprise coverage against Defendants.

Moreover, the Court finds that the issue of whether the "mom and pop" exception applies and whether Defendant Shirley May's Place achieved the required annual sales volume are questions of fact that are not appropriate for adjudication at this stage in the litigation. *See William v. Hooah Sec. Servs., LLC*, 729 F. Supp. 2d 1011, 1013-14 (W.D. Tenn. 2010) (recognizing that the Sixth Circuit has not ruled whether "FLSA coverage is jurisdictional," but concluding based on *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) and *Chao v. Hotel Oasis*, 493 F.3d 26 (1st Cir. 2007)

6

that a "challenge by the defendants as to whether there is individual or enterprise coverage speaks to the merits of the Plaintiffs' case rather than the Court's jurisdiction over it" and that resolving that question on a motion to dismiss "would be premature."); *see also Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 601 (D. Md. 2014) (recognizing the same).

Defendants also argue that Plaintiff cannot plausibly state any claim under the FLSA because the mother-son relationship between the parties is not a "traditional employment paradigm covered by the Act." (ECF No. 9, at * 7.) To this end, Defendants rely upon *Steelman v. Hirsch*, 473 F.3d 124 (4th Cir. 2007), in which the Fourth Circuit examined the scope of the FLSA's definition of "employee." The plaintiff in *Steelman* had been in a romantic relationship with the defendant and they had worked together at the defendant's dog-grooming business until their romantic and business relationship ended. *Id.* at 125-26. The plaintiff then sued under the FLSA seeking an ownership interest in the business and payment for her years of work. *Id*. The Fourth Circuit affirmed the district court's grant of summary judgment for the defendant, holding that the plaintiff did not meet the FLSA's definition of "employee" and explaining that

> when relationships have deviated from the traditional understanding of employment in fundamental ways, the Supreme Court has refused to shoehorn them into the [FLSA]. For example, the Court has written that the FLSA would not apply to volunteers who "without promise or expectation of compensation, but solely for [their] personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit."

*Id*. at 129 (citing *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947)).

*Steelman* is distinguishable from the present case on important procedural grounds. Here, Defendants have moved to dismiss the complaint based on a failure to state a claim. Yet any assessment of Defendants' argument that the relationship between the parties cannot be

7

"shoehorned" into the FLSA would require the Court to make a factual inquiry into the nature of the relationship and the agreements between the parties, rather than simply to evaluate the sufficiency of the pleadings. *Steelman*, on the other hand, was resolved on a summary judgment motion after the parties had engaged in discovery. Indeed, the Sixth Circuit has made clear that "determining employee status by reference to labels used by the parties is inappropriate . . . [s]uch an approach bypasses any real consideration of the economic realities of the relationship and is antithetical to settled jurisprudence calling for consideration of the totality of the circumstances of each case." *Solis v. Laurelbrook Sanitarium and School, Inc*., 642 F.3d 518, 524 (6th Cir. 2011) (citing *Powell v. U.S. Cartridge Co.*, 339 U.S. 497, 528-30 (1950)). Accordingly, the issue of whether the parties' relationship falls within the FLSA is inappropriate for resolution at this stage.

Moreover, regardless of whether Plaintiff has plausibly stated an enterprise coverage claim under the FLSA, Plaintiff has sufficiently alleged a violation of the FLSA based on individual coverage. In support of his claim of individual coverage, Plaintiff alleged that as a retail clerk for Defendants he was "engaged in interstate commerce because [he] sold, unloaded, handled, used or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, engaged in authorizations of credit card purchases, and engaged in other activities of interstate commerce." (Am. Compl. at ¶ 9.) Whether an individual employee is engaged in commerce under the FLSA is a "fact-specific inquiry into the employment activities" of the employee. *Jacobs v. New York Foundling Hosp*., 483 F. Supp. 2d 251, (E.D. NY 2007), *affirmed*, 577 F.3d 93 (2d Cir. 2009). Guidance on this issue in the relevant federal regulations further illustrates its broad and fact-sensitive nature:

> Employees are "engaged in commerce" within the meaning of the [FLSA] when they are performing work involving or related to the movement of persons or things

8

> (whether tangibles or intangibles . . .) among the several States or between any State and any place outside thereof . . . The courts have made it clear that this includes every employee employed in the channels of such commerce or in activities so closely related to this commerce, as to be considered a part of it as a practical matter. . . . Typically, but not exclusively, employees engaged in interstate or foreign commerce include employees in distributing industries, such as wholesaling or retailing, who sell, handle or otherwise work on goods moving in interstate commerce as well as workers who order, receive, pack, ship, or keep records or such goods; clerical and other workers who regularly use the mails, telephone or telegraph for interstate communication; and employees who regularly travel across State lines while working.

29 C.F.R. § 779.103.

Defendants have not challenged Plaintiff's FLSA claim based on individual coverage, and did not file a reply addressing the issue after Plaintiff raised it in his Response. The "mom and pop" exception set forth in 29 U.S.C. § 203(s)(2) only applies to enterprise coverage, and does not implicate individual coverage under the FLSA. *See* 29 U.S.C. § 203(s)(2) ("Any establishment that has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise."); *see also Velez v. Sanchez*, 693 F.3d 308, 327-28 (2d Cir. 2012) (explaining in the "domestic workers" context that "the plain language of the FLSA makes clear that the 'mom-and-pop' exception is cabined to those FLSA provisions that relate to enterprises as defined by § 203(s)(2).").

Accordingly, the Court finds that Plaintiff's allegations that he engaged in interstate commerce as a retail clerk in Defendants' convenience store themselves support a plausible FLSA claim based upon individual coverage against Defendants. The Court will therefore deny Defendants' Motion to Dismiss as to Plaintiff's FLSA claims.

9

### B. Defendant Walsh's Liability

Defendants also move for dismissal of Defendant Walsh as a defendant, arguing derivatively that because Plaintiff cannot set forth a plausible claim against the corporate Defendant Shirley May's Place, LLC, there is no reason that "the corporate veil should otherwise be pierced to allow a claim to proceed against Walsh individually." (Defs.' Mot. at 17.)

Defendants misapprehend the accrual of liability under FLSA. The FLSA provides that an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). The Sixth Circuit has recognized that the FLSA "contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962, 965 (6th Cir. 1991). Further, "the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994) (quoting *Dole*, 942 F.2d at 965).

> Plaintiff alleged in his Amended Complaint that Defendant Walsh had
>
> operational control of significant aspects of the day-to-day operations of Defendant Shirley May's Place, LLC. Among other operations, Defendant Denise A. Walsh controlled the payment of wages to Plaintiff; controlled the amount of wages paid to Plaintiff; determines the hours of operation of Defendant Shirley May's Place, LLC; controls the finances of Defendant Shirley May's Place LLC; has control of all corporate decisions; has control of all corporate finances, and handles day-to-day problems relating to the operation of Defendant Shirley May's Place LLC.

(Am. Compl. at ¶ 18.) The Court rejects Defendants' argument that FLSA liability on Defendant Walsh's part hinges upon piercing the corporate veil, and finds that for present purposes, Plaintiff

10

has sufficiently alleged that Defendant Walsh was an "employer" as defined under the FLSA.

### C. MWOWA Claim

To the extent that Defendants move to dismiss Plaintiff's MWOWA claim based on the argument that Plaintiff was not an "employee," the Court finds this argument to be without merit. Whether Plaintiff was an "employee" as defined under the MWOWA is a disputed issue of fact, and it therefore cannot be resolved on a Rule 12(b)(6) motion to dismiss.

Defendants also maintain that the Court should decline to exercise supplemental jurisdiction over the state-law MWOWA claim, but since Plaintiff has plausibly alleged his federal claims such that they survive the present Motion to Dismiss, dismissal of the state-law claim on this basis is unwarranted at this time.

### IV. CONCLUSION

For all of these reasons, the Court DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: March 16, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2017.

s/D. Tofil
Deborah Tofil, Case Manager

11