UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DUBY,

            Plaintiff,

v.

SHIRLEY MAY'S PLACE, LLC,
and DENISE A. WALSH,

            Defendants.
_____/

Case No. 16-11443

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

## OPINION AND ORDER:
## 1) SUSTAINING PLAINTIFF'S OBJECTIONS (ECF NO. 26)
## 2) REVERSING THE MAGISTRATE JUDGE'S ORDER (ECF NO. 25); AND
## 3) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 11)

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's February 24, 2017 Order Denying Plaintiff's Motion For Leave to File Second Amended Complaint. (ECF No. 26, Objections; ECF No. 25, Order.) The Court has reviewed the Magistrate Judge's Order and Plaintiff's Objections. The Court will sustain Plaintiff's Objections, reverse the Order, and grant Plaintiff's Motion for Leave to File a Second Amended Complaint.

### I.   BACKGROUND

Plaintiff originally filed this action on April 21, 2016, alleging violations of

the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*, and the Michigan Workforce Opportunity Wage Act ("**MWOWA**"), M.C.L. 408.411 *et seq.* (ECF No. 1.) Plaintiff filed an Amended Complaint five days later. (ECF No. 4, Am. Compl.)

On April 29, 2016, individual Defendant Denise Walsh successfully petitioned for a state-court personal protection order ("**PPO**") against Plaintiff, who is also her son, stating in the petition that she was in fear for her life. (ECF No. 11, Exs. 3-4.) The PPO was terminated by a joint stipulation of Plaintiff and Defendant Walsh on June 13, 2016. (ECF No. 11, Ex. 7.)

On August 31, 2016, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, which would add a retaliation claim under 29 U.S.C. § 215(a)(3) to the action. (ECF No. 11.) The Magistrate Judge issued an Order denying the Motion on February 24, 2017. (ECF No. 25, Order.) The Court now addresses Plaintiff's Objections to that Order. (ECF No. 26, Pl.'s Objs.)

## II.      STANDARD OF REVIEW

When a party objects to a magistrate judge's determination of a non-dispositive issue, the district court may modify or set aside the Magistrate Judge's decision if it was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 1992) (quoting *U.S. Gypsum Co.*).

This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the Magistrate Judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). The reviewing court must therefore employ "independent judgment with respect to the Magistrate Judge's conclusions of law."[1] *Id*.

---

[1] Plaintiff contends that the Magistrate Judge acted outside of her authority in deciding the Motion by Order rather than by submitting a Report and Recommendation to the Court for review and adoption. Plaintiff bases this argument on the assertion that his motion was dispositive, and this is incorrect. The Local Rules specify which types of motions are considered dispositive for various procedural purposes, and motions for leave to amend a complaint are not among them. *See* E.D. Mich. L.R. 7.1(e)(1); *see also Oakland Cty. v. Fed. Nat. Mortg. Ass'n*, 276 F.R.D. 491, 493 (E.D. Mich. 2011) (stating that motions "to amend to add claims . . . have been considered non-dispositive by courts in this Circuit"); *Wiggins v. Argent Mortg. Co., LLC*, No. 11-CV-15118, 2012 WL 2992602, at *1 (E.D. Mich. July 20, 2012) (Borman, J.) ("A motion to amend the complaint is a nondispositive order."); *Turner v. Farmer Jack*, No. CIV. 05-40292, 2006 WL 1235759, at *1 (E.D. Mich. May 8, 2006) ("[M]otion[s] for leave to amend complaint . . . are nondispositive motions.").

### III.     ANALYSIS

The Magistrate Judge denied Plaintiff's Motion for Leave to File a Second Amended Complaint on the basis of futility, having concluded that the retaliation claim in Plaintiff's proposed Second Amended Complaint failed to state a claim under Fed. R. Civ. P. 12(b)(6). The Court finds this conclusion to be contrary to law, and for this reason the Court will reverse the Magistrate Judge's Order and grant Plaintiff's motion for leave to amend.

A.   **Futility is a permissible basis for denial of a motion for leave to amend.**

Plaintiff first argues that leave to amend was improperly denied in this case because there was no indication that granting it would result in "undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint," or that there was "at least some significant showing of prejudice to the opponent," as required under Sixth Circuit precedent to justify a denial of leave to amend. (Pl.'s Objs. at 6 (citing *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) and *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).) Sixth Circuit precedent, however, demonstrates that these requirements are not rigid or exhaustive, and that courts may also deny leave to amend on the basis of futility. "Although [Rule 15] encourages courts to give leave to amend 'when justice so requires,' courts need not give leave to amend when doing so would be futile." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir.

2014). "A proposed amendment is futile where it would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). As this was the basis for the Magistrate Judge's decision to deny Plaintiff's Motion, the Court reviews that decision under the "clearly erroneous" and "contrary to law" standards discussed above.

B. **Plaintiff's proposed Second Amended Complaint sufficiently alleges an adverse employment action.**

The relevant inquiry here, then, is whether the Magistrate Judge's determination of the proposed retaliation claim's legal insufficiency was "contrary to law." The Magistrate Judge held that Plaintiff's proposed retaliation claim failed on the third prong of the *prima facie* standard for FLSA retaliation claims, since the PPO did not amount to an adverse employment action. The Court must disagree with this legal conclusion.

To survive a motion under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

5

suffice" for the purposes of a motion to dismiss, and although a court must assume the truth of all of the plaintiff's factual allegations, it is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

To state a *prima facie* case under the FLSA's retaliation provision, a plaintiff must plausibly allege facts showing that

> (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action.

*Adair v. Charter Cty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006).

In *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), the United States Supreme Court broadened the definition of "adverse employment action" in the Title VII retaliation context. There, the Court held that an adverse employment action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). Courts in this circuit have adopted this standard to evaluate FLSA retaliation claims as well. *See, e.g., Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 911 (W.D. Mich. 2016) (noting that the "adverse action" inquiry centers on whether the alleged retaliatory conduct "can constitute a materially adverse action that could

well dissuade a reasonable worker from making or supporting an FLSA claim") (internal quotation marks omitted); *Pettit v. Steppingstone, Ctr. for the Potentially Gifted*, 429 F. App'x 524, 532 (6th Cir. 2011); *Hill v. Herbert Roofing & Insulation, Inc.*, No. 13-CV-11228, 2014 WL 1377587, at *5 (E.D. Mich. Apr. 8, 2014).

Both in his Motion for Leave to File a Second Amended Complaint and in his Objections to the Magistrate Judge's Order, Plaintiff supported his argument that the PPO constituted an adverse employment action with a number of cases which have recognized that an employer's use of legal procedures against an employee can be an act of retaliation. *See, e.g., Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 908-12 (W.D. Mich. 2016) (state-law claims including fraud and breach of contract filed as counterclaims to employee's FLSA action); *Darveau v. Detecon, Inc.*, 515 F.3d 334 (4th Cir. 2008) (same); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408-09 (10th Cir. 1992) (indemnity complaint); *Martinez v. Deaf Smith Cty. Grain Processors, Inc.*, 583 F. Supp. 1200, 1209-10 (N.D. Tex. 1984) (breach of contract claim).

Of these, *Cruz* is the most instructive here. There, the United States District Court for the Western District of Michigan found that an employee had stated an FLSA retaliation claim by alleging in an amended complaint that after he first brought an FLSA action against his employer, the employer filed a bevy of state-

law counterclaims against him, including claims for fraud, breach of contract, conversion, and abuse of process. *See Cruz*, 167 F. Supp. 3d. at 905. The court noted that under *Burlington Northern*, "[t]he scope of the [Title VII] antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm" and that "[t]hat principle is not limited to the Title VII context." *Id.* at 910 (quoting *Burlington Northern*, 548 U.S. at 67). Even while observing that the Sixth Circuit had not directly addressed the question of whether an employer's filing of a lawsuit or counterclaim against a former employee can amount to retaliation under the FLSA, the court summarized several decisions by courts in other circuits that had—and that had answered it in the affirmative. *See Cruz*, 167 F. Supp. 3d. at 911. The court also pointed out that "other district courts in this circuit, even before *Burlington Northern*, held that a Title VII retaliation claim could lie for claims or counterclaims which were frivolous or brought in 'bad faith' with retaliatory motivation." *Id*. at 911-12 (collecting cases). With this in mind, the court held that the plaintiff's allegations were enough to state an FLSA retaliation claim.

The Magistrate Judge found these cases distinguishable because unlike the retaliatory legal claims in them, the PPO entered against Plaintiff was not "inextricably intertwined" with the alleged employment relationship between the parties, and did not "threaten [Plaintiff] with economic hardship and burdensome

8

litigation." (Order at 5-6.) There are indeed factual differences along these lines between the present case and the cases cited by Plaintiff, but in holding those cases to be inapposite on these grounds, the Magistrate Judge read requirements into the law that it does not have. The governing standard does not require that the alleged adverse employment action be connected to the particulars of the employment relationship at all; in fact, the Supreme Court in *Burlington Northern* expressly rejected that notion. *Burlington Northern*, 548 U.S. at 64 (explaining that Title VII's analogous "antiretaliation provision . . . is not limited to discriminatory actions that affect the terms and conditions of employment"). As to economic hardship and burdensome litigation, the law requires only that the action be enough to dissuade a hypothetical reasonable employee from engaging in the protected activity at issue in the case.[2] In the final analysis it might well be that the PPO was not severe or burdensome enough to amount to an adverse action, but the question at the moment is limited to whether Plaintiff has plausibly alleged as much under Fed. R. Civ. P. 12(b)(6).

---

[2] Among the cases that have addressed this issue, some have required an independent showing that the claim or lawsuit filed against the employee was obviously baseless, frivolous, or otherwise an abuse of process. *See, e.g., Mlynczak v. Bodman*, 442 F.3d 1050, 1061 (7th Cir. 2006) (holding that an employer's defamation "lawsuit—at least in the absence of a showing not made here that it was independently an abuse of process—was not the kind of adverse action that the [Title VII] retaliation statute reaches"); *Darveau*, 515 F.3d at 343-44 (holding that a plaintiff had alleged an adverse employment action when he alleged that "his employer filed a lawsuit against him alleging fraud with a retaliatory motive and without a reasonable basis in fact or law"). The Court need not decide whether this is a necessary part of the analysis on the present motion to dismiss, though, since Plaintiff has met his burden either way by including in his complaint an allegation that the PPO "lacked a reasonable basis in fact or law." (*See* ECF No. 11, Ex. 8, Proposed Second Amended Complaint and Jury Demand at ¶ 46.)

In sum, for an employer's use of legal proceedings against an employee to satisfy the "adverse employment action" prong of the *Burlington Northern* standard, a plaintiff need not show a clear nexus between the action and the employment relationship, nor any specific form of hardship on the part of the plaintiff. To survive a motion to dismiss, a plaintiff need only plausibly allege facts that meet *Burlington Northern*'s objective standard. As Plaintiff has alleged that Defendant Walsh filed a baseless PPO action against him which resulted directly in tangible negative consequences for him, the Court finds that he has met his burden in this regard, notwithstanding the factual distinctions drawn by the Magistrate Judge between this case and the cases Plaintiff has cited.[3]

The Magistrate Judge also expressed reservations about the potential implications of finding that the PPO in this case was an adverse employment action: namely, that setting a precedent for potential liability based on seeking a PPO could have a chilling effect on valid PPO claimants, including victims of

---

[3] Those distinctions, it should be noted, are significant, and a petition for a personal protection order is dissimilar enough from a breach of contract or fraud claim that cases like *Cruz* would not necessarily dictate the outcome here even if they were binding on this Court. There is, however, also some precedent suggesting that a personal protection order can itself be an adverse employment action, and this precedent supports a modest extension of *Cruz* and Plaintiff's other cited cases to this one. *See, e.g., Dixon v. Int'l Bhd. of Police Officers*, 504 F.3d 73, 83 (1st Cir. 2007) (affirming the district court's finding, in the context of claims brought under Title VII and a state statute with a materially identical retaliation standard, that the entry of a temporary restraining order against an employee after was an adverse employment action); *Lee v. Natomas Unified Sch. Dist.*, 93 F. Supp. 3d 1160, 1168–69 (E.D. Cal. 2015) (finding that the plaintiff had raised a jury question as to whether a temporary restraining order was an adverse action for the purposes of a retaliation claim under two other federal civil rights statutes that employ the Title VII retaliation standard).

domestic violence. This is a valid concern, albeit one that should be at least somewhat mitigated by the fact that that potential liability would be limited to circumstances involving an employment relationship, and further by the requirement that a retaliation claimant also show a direct causal connection between protected activity and adverse action. The law, in any case, requires the Court to accept all of Plaintiff's plausibly alleged facts as true; whether Defendant Walsh's PPO petition was baseless in view of available facts and evidence is a question to be resolved at a later stage. Plaintiff has plausibly alleged that Defendant Walsh filed a baseless PPO petition against him, and the weight of authority discussed above compels the conclusion that in so doing, Plaintiff has plausibly alleged an adverse employment action.

C. **Plaintiff has otherwise met his burden of plausibly alleging an FLSA retaliation claim.**

The Court further finds that Plaintiff's proposed Second Amended Complaint is sufficient as to the other elements of the *prima facie* case.

The proposed Second Amended Complaint plausibly alleges that Plaintiff engaged in a protected activity under the FLSA, and that Defendant Walsh was aware of this fact. (*See* ECF No. 11, Ex. 8 at ¶¶ 42-43.) As to the causation prong of the *prima facie* case, Plaintiff must plausibly allege "that the adverse action would not have been taken had the plaintiff not filed a discrimination action."

*Adair*, 452 F.3d at 490 (quoting *Allen v. Michigan Dep't of Corrections*, 165 F.3d 405, 413 (6th Cir.1999)). Temporal proximity between the protected activity and the adverse action can be evidence of causation, but that fact alone is generally insufficient to establish it. *See Adair*, 452 F.3d at 490-91. Here, Plaintiff has alleged both that his protected activity was a significant factor in Defendant Walsh's decision to file her PPO action, and that she would not have filed it for his protected activity. (*See* ECF No. 11, Ex. 8 at ¶¶ 47-48.) In view of Plaintiff's allegation that Defendant Walsh filed the PPO action eight days after this lawsuit was initiated and two days after she was served with Plaintiff's First Amended Complaint (*see id.* at ¶¶ 19-22), and his allegation that the PPO action lacked a reasonable basis in fact or law (*see id.* at ¶ 46)—which the Court must take as true at this phase of the litigation—the Court finds that Plaintiff has sufficiently alleged the required causal connection as well.

Plaintiff has therefore plausibly alleged the *prima facie* elements of an FLSA retaliation claim, and denying him leave to amend his complaint to include that claim on the basis of futility is unwarranted.

### IV. CONCLUSION

For the reasons stated above, the Court hereby SUSTAINS Plaintiff's Objections to the Magistrate Judge's Order, REVERSES that Order, and GRANTS Plaintiff's Motion for Leave to File a Second Amended Complaint. Plaintiff is

directed to file with the Court the proposed complaint attached as Exhibit 7 to his Motion for Leave to File a Second Amended Complaint. (ECF No. 11)

      IT IS SO ORDERED.

                                        s/Paul D. Borman  
                                        Paul D. Borman  
                                        United States District Judge

Dated: March 16, 2017

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2017.

                                        s/D. Tofil  
                                        Deborah Tofil, Case Manager