## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jason Duby,

        Plaintiff,

v.

Shirley May's Place, LLC, and
Denise A. Walsh,

        Defendants.

File No. 16-cv-11443
Hon. Paul D. Borman
Mag. Judge Elizabeth A. Stafford

_____/

| | |
|---|---|
| Charlotte Croson (P56589) | Angela L. Jackson (P53930) |
| Joseph X. Michaels (P79084) | Ashley Waddell Tingstad (P81463) |
| NACHT LAW, P.C. | HOOPER HATHAWAY, P.C. |
| 101 North Main Street, Suite 555 | 126 South Main Street |
| Ann Arbor, MI 48104 | Ann Arbor, MI 48104 |
| (734) 663-7550 | (734) 662-4426 |
| ccroson@nachtlaw.com | ajackson@hooperhathaway.com |
| jmichaels@nachlaw.com | atingstad@hooperhathaway.com |
| Attorneys for Plaintiff | Attorneys for Defendants |

_____/

## DEFENDANTS' MOTION TO COMPEL,
## FOR COSTS AND ATTORNEY'S FEES, AND TO EXTEND DATES

# Table of Contents

**Page**

Index of Authorities .................................................................................iv

Questions Presented ................................................................................ v

Controlling or Most Appropriate Authorities .......................................... vi

Certification of Compliance with L.R. 7.1(a) ....................................... vii

Index of Exhibits ................................................................................... viii

Introduction .............................................................................................1

Statement of Facts ................................................................................... 2

Legal Standards ....................................................................................... 5

Argument.................................................................................................. 7

    I. Many of Duby's Objections are Not Valid Because They Challenge
       the Ultimate Admissibility of the Evidence, Not its Discoverability ..... 7

    II. The Contested Discovery Requests are Relevant and Proportional
        to the Needs of the Case ........................................................................ 7

       A. Requests relevant to the reasonable basis for Walsh's PPO ............. 7

       B. Requests relevant to Walsh's defense that Duby asked not to
          be put on payroll and other defenses ................................................ 11

       C. Requests relevant Walsh's affirmative defenses for offset and
          unclean hands, to Duby's claim for damages, and to his
          character for truthfulness ................................................................. 12

       D. Requests relevant to the knowledge of Duby's witnesses................ 13

       E. Requests relevant to Duby's motives for bringing this lawsuit ........ 13

F.  Requests relevant to Walsh's defense tortious interference
        counterclaim and unclean hands defense .........................................14

III. This Court Should Award Costs and Attorneys' Fees
        Because of Plaintiff's Unreasonable Position in Refusing to
        Respond to Discovery ........................................................................15

IV. There is Good Cause to Modify the Scheduling Order Because
        Defendants are Unable to Complete Discovery Until the
        Resolution of These Cross-Motions..................................................16

Conclusion ..........................................................................................................16

Certificate of Service ........................................................................................17

# Index of Authorities

**Page**

*Emanuel v. Rolling in the Dough, Inc.*,
   2012 U.S. Dist. LEXIS 166206, (N.D. Ill. Nov. 21, 2012) ......................3

*State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*,
   2016 U.S. Dist. LEXIS 86382, (E.D. Mich. May 11, 2016) .....................5

*Steelman v. Hirsch*,
   473 F.3d 124 (4th Cir. 2007) .....................................................................3

## Rules

Fed R. Civ. P. 16(b)(4).................................................................. 6, 16

Fed. R. Civ. P. 26(b)(1)................................................................. 5, 7

Fed. R. Civ. P. 37(a)(3)(B) ..............................................................6

Fed. R. Civ. P. 37(a)(5)(A) ..............................................................6

Fed. R. Evid. 404(b)(2) .......................................................... 9, 14, 15

Fed. R. Evid. 607 ............................................................................9

Fed. R. Evid. 608 ............................................................................9

Fed. R. Evid. 609 ............................................................................9

Local Rule 40.2 ....................................................................... 6, 16

iv

## Questions Presented

1. Should the Court compel Plaintiff to respond to discovery requests that are relevant to Defendants' counterclaims and defenses and proportional to the needs of the case, and where Plaintiff has articulated no valid reason why he cannot respond?

   **Defendants Answer: YES.**

2. Should the Court order that costs and fees be awarded to Defendants where they were forced to bring a motion to Compel to obtain answers to questions as mundane as Plaintiff's employment history and current employment?

   **Defendants Answer: YES.**

3. Should the Court extend the deadlines in this case where Plaintiff interposed its meritless motion for protective order less than two weeks before the discovery deadline and refused to answer dozens of questions at his deposition, requiring Defendants to leave it open until resolution of this motion?

   **Defendants Answer: YES.**

**Controlling or Most Appropriate Authorities**

*State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*,
2016 U.S. Dist. LEXIS 86382 (E.D. Mich. May 11, 2016)

Fed R. Civ. P. 16

Fed. R. Civ. P. 26

Fed. R. Civ. P. 37

**Certification of Compliance with E.D. Mich. L.R. 7.1(a)**

In accordance with L.R. 7.1, Defendants have conferred with opposing counsel and understand that Plaintiff opposes this motion.

## Index of Exhibits

Exhibit A:   7/18/17 email from A. Tingstad to C. Croson

Exhibit B:   Duby Deposition Transcript

Exhibit C:   Crist Deposition Transcript

Unpublished Opinions:   *Emanuel v. Rolling in the Dough*
                        *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic*

## INTRODUCTION

Plaintiff Jason Duby ("Duby" or "Son") filed a motion for protective order a day before his scheduled deposition and then used it as the basis for refusing to answer dozens of questions at his deposition covering issues as mundane and relevant as his work history and current employment. Duby's articulated reasons for refusing to answer clearly relevant discovery requests and deposition questions are based on improper arguments regarding the ultimate admissibility of information sought in discovery and relevance objections that ignore or dismiss Defendants' clearly-articulated allegations defending against Duby's claims and supporting their counterclaims.[1] Duby's unfounded refusal to respond to discovery is a waste of Defendants' and this Court's resources. For the reasons set forth in more detail below, Defendants respectfully request that this Court grant Defendants' motion to compel and award costs and attorney's fees to Defendants. Defendants further request that this Court continue the discovery deadline, which lapsed on June 30,

---

[1] After having gone a first round of complaint, answer and counterclaims, a motion to dismiss, a motion for leave to file a second amended complaint which was opposed, denied, and reversed on appeal, and a day-long deposition of Defendant Denise Walsh, Plaintiff is well-acquainted with the allegations supporting Defendants' defenses and counterclaims. If Plaintiff had any doubt, Defendants provided a detailed email explaining the relevance of each and every one of the discovery requests that are the subject of this motion. *See* Doc. 35-6, 6/13/17 Jackson Email to Croson and Ex. A, 7/18/17 email from A. Tingstad to C. Croson.

1

2017, until thirty (30) days after Mr. Duby's motion for protective order and this motion to compel are decided, and extend all other dates accordingly.

## STATEMENT OF FACTS

Mr. Duby ("Duby" or "Son") would have this Court believe that this is a textbook employment suit: he was an employee of Defendants Denise Walsh ("Walsh" or "Mother") and Shirley May's Place, LLC who worked for 97 weeks without pay, and he deserves to recover his back wages under federal and state law.

The reality is anything but textbook. Defendant Walsh is actually Duby's Mother, who took her middle-aged son into her home, who gave him room, board, transportation, and paid his bills, and who, *along with* Duby, opened a small business that both she and her son hoped *he* would one day own, providing him with the financial stability that every parent wants to give their child. Doc. 42-2, Walsh Dep. 146:10-19; Ex. B, Duby Dep. 102:22-103:9.

During the 97 weeks that Duby helped his Mother start up this family business, he was not a slave or a captive, forced to toil for long hours with no recompense. He is an adult who, having previously started and owned businesses, understands that a new venture does not produce income in its first years. Ex. B, 103:18-106:10. He is a father who, having an outstanding child support order, asked not to be on payroll so that he could avoid his obligations, and who concealed the fact that he is a parent from his current employer. Doc. 42-2, Walsh Dep., 81:21-

82:2, 136:12-137:15, 224:3-14; Ex. C, Crist Dep. 10:9-11:2. Now he is suing his Mother, after living and working shoulder to shoulder with her for two years, when it became clear he had nothing further to gain financially from their relationship. *See* Doc. 42-2, 290:2-18; Ex. B, 203:24-204:11.

As Duby knows, Walsh's defenses are not normal defenses to an FLSA case; she takes issue with whether this arrangement between them – to establish a successful business as Mother and Son and eventually for Son to take over – is the type of relationship regulated by the FLSA. Indeed, other courts who have considered similar arrangements have said no. *See*, *e.g.*, *Steelman v. Hirsch*, 473 F.3d 124, 125, 130-31 (4th Cir. 2007) (finding that married couple's work together in a dog grooming business that only one of them technically owned did not fall within the employer-employee relationship where their endeavor was "significantly entrepreneurial" and there was a "real opportunity to share in the profits of the business."), *Emanuel v. Rolling in the Dough, Inc.*, 2012 U.S. Dist. LEXIS 166206, *16-17 (N.D. Ill. Nov. 21, 2012) (dismissing FLSA suit brought by ex-girlfriend who worked for no wages to assist her boyfriend to secure a pizza franchise).

Over the years, Duby's Mother learned from him and others that he can be extremely violent.[2] When the relationship between Mother and Son began to break

---

[2] He bragged to her about killing another inmate in prison, Doc. 42-2, Walsh Dep. 59:22-25; he owned guns, at least one with the serial number scratched off, *id*. 272:18-273:12; 293:25-294:20; he told her that he beat a man so badly that he broke

down because of Duby's illegal activities at the store and its imminent closure, Walsh asked Duby to move out, and he told her he would only leave if he could take the truck she bought for his use in 2014. Doc. 42-2, Walsh Dep. 28:5-19. So she gave him the title to the truck and he left, taking several valuable items that belonged to Walsh, including a bed, tools, and computer equipment from the store. *Id*. at 70:23-71:3; 124:22-127:16.

At the same time, Walsh was preparing to have major surgery to remove a tumor from her brain. *Id.* at 298:15-23. On April 21, 2016, Duby filed this lawsuit against his Mother. *See* Doc. 1, Compl. The suit understandably increased Walsh's distress as it made it clear that Duby was not going move until he had extracted every last penny from her. Fearing for her and her younger son's safety, Walsh filed for a PPO *pro se* on April 29, 2016. Doc. 42-2, Walsh Dep. 281:2-18; 285:2-7; *see also* Petition for PPO, Doc. 35-3. She did not include all of the information in the PPO that caused her to be fearful – some of it she left out because she was distressed and felt pressed for time and she omitted some out of a misguided attempt to protect Duby from criminal prosecution. Doc. 42-2, 273:13-274:21. Walsh underwent brain surgery on May 16, 2016; due to her inability to appear in Court to further prosecute

---

his hand, *id.* at 271:9-24; and he often commented that if someone made him angry he would shoot or beat them with a baseball bat, *id.* at 281:5-15.

4

her PPO claim, she withdrew it through counsel on June 9, 2017. *Id.* at 110:8-9; 276:7-14.

Duby filed a motion for protective order the day before his scheduled deposition, objecting to the valid discovery requests discussed in these filings. At his deposition, Duby's counsel advised him not to answer any questions touching on subjects covered by the motion, forcing Walsh to leave the deposition open. The obstructionist tactics of Duby's counsel,[3] Duby's failure to produce responsive documents at his deposition[4], and the unfortunately heated and personal nature of this dispute are the reasons Walsh filed this cross-motion to compel.

## LEGAL STANDARDS

### The Scope of Discovery

Federal Rule of Civil Procedure 26, which defines the scope of permissible discovery, "is to be liberally construed to permit broad discovery." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 2016 U.S. Dist. LEXIS 86382, *4 (E.D. Mich. May 11, 2016) (denying motions to quash subpoenas as being beyond the scope of permissible discovery). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of

---

[3] As an example of the tone at Walsh's deposition, counsel for Duby repeatedly argued with Walsh and belittled her. *E.g.*, Doc. 42-2, Walsh Dep. 61:2-13; 287:11-21; 290:2-292:9.

[4] Ex. B, Duby Dep. 188:25-191:1.

the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Committee Notes on the 2015 Amendment to Rule 26 make clear that requests that are proportional and relevant to any party's claim or defense can include "other incidents of the same type" and "information that could be used to impeach a likely witness."

## Motion to Compel, for Costs and Attorney's Fees, and to Extend Dates

A party seeking discovery may move for an order compelling an answer or production where a deponent fails to answer a question, a party fails to answer an interrogatory, or a party fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B). If a party's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Local Rule 40.2 provides that a Court may order a continuance "on timely application and [for] good cause shown" and Federal Rule of Civil Procedure 16(b)(4) provides that a Court may modify a scheduling order for "good cause and with the judge's consent." L.R. 40.2; Fed. R. Civ. P. 16(b)(4).

# ARGUMENT

### I.   Many of Duby's Objections are Not Valid Because They Challenge the Ultimate Admissibility of the Evidence, Not its Discoverability.

Throughout his reply in support of his motion for protective order, Duby argues that much of the information sought in discovery is inadmissible propensity evidence. *See* Doc. 35, pp. 10, 13. These arguments are red herrings. Federal Rule of Civil Procedure (FRCP) 26(b)(1) makes clear that "Information within this scope of discovery need not be admissible in evidence to be discoverable."

### II.   The Contested Discovery Requests are Relevant and Proportional to the Needs of the Case.

Below is a list of each of the objected-to discovery requests along with an explanation of why the information sought in each request is relevant to Walsh's counterclaims and defenses. *See* Doc. 35-5, Defendants' First Set of Discovery Requests.

A. Requests relevant to the reasonable basis for Walsh's PPO.

**Interrogatory 3**: For each and every one of Plaintiff's arrests, list the date, place, reason, and resolution, including criminal charges brought and the disposition of any criminal case against Plaintiff.

- This request is proportional and relevant to Walsh's defense against her Son's Count III, Retaliation in Violation of the FLSA, which alleges in paragraph 46 that "[t]he PPO action lacked a reasonable basis in fact or law."

- This request seeks to discover information relevant to Walsh's defense that she had a reasonable basis to fear for her and her younger son's safety after her relationship with Duby broke down and she asked him to leave her home.

7

- Duby repeatedly made threats of violence in his Mother's presence regarding people who made him angry. Walsh is aware of at least one instance where Duby told her that he has been involved in a street fight that mangled his finger and sent another man to the hospital. This instance and others like it may be documented in arrest records even though Duby does not have any convictions for violent crimes. Information relevant to "incidents of the same type" are permissible under the Rules.

**Interrogatory 4**: List the dates of Plaintiff's incarceration, the conviction leading to the incarceration, and the names and addresses of the jails or prisons where Plaintiff was incarcerated.

- This request is proportional and relevant to Walsh's defense against her Son's Count III, Retaliation in Violation of the FLSA, which alleges in paragraph 46 that "[t]he PPO action lacked a reasonable basis in fact or law."

- This request seeks to discover information relevant to Walsh's defense that she had a reasonable basis to fear for her and her younger son's safety after her relationship with Duby broke down and she asked him to leave her home.

- Duby told Walsh that during one of his periods of incarceration, he and several other inmates killed a fellow inmate – this instance and others like it may be noted in prison records. Walsh requests information regarding where Duby was incarcerated so that she can subpoena his prison records, which may reveal "incidents of the same type," which are permissible under the Rules.

**Interrogatory 5**: List the citations for prison violations Plaintiff received while incarcerated.

- The purpose behind this Interrogatory is the same as Interrogatory No. 4, but it seeks to discover information regarding prison violations directly from Duby instead of from prison records.

**Request to Admit 6**: Admit that you own a firearm.

- This request is proportional and relevant to Walsh's defense against her Son's Count III, Retaliation in Violation of the FLSA, which alleges in paragraph 46 that "[t]he PPO action lacked a reasonable basis in fact or law."

8

- This request seeks to discover information relevant to Walsh's defense that she had a reasonable basis to fear for her and her younger son's safety after her relationship with Duby broke down and she asked him to leave her home.

- Walsh is aware that Duby bragged to his brother about owning a firearm, even though this is illegal for him as a felon. Duby's ownership of a firearm in violation of the law gave Walsh a clear reason to fear violent retaliation against her or her young son. Information relevant to "incidents of the same type" are permissible under the Rules.

**Request to Admit 7**: Admit that at least one of the firearms you own has damage to the serial number.

- The purpose behind this Interrogatory is the same as Interrogatory No. 6, but the justification is that Walsh is aware that Duby showed her son Adam that at least one of his firearms had the serial number scratched off, implying that it could not be traced to him should he commit a crime with it. This knowledge gave Walsh a reason to fear violent retaliation by her Son.

In short, as to the above Interrogatories and Requests to Admit, Walsh seeks information relevant to Duby's propensity for violence, willingness to break the law to arm himself, and opportunity to carry out that violence, which will corroborate information of which Walsh was aware when she filed her PPO and which form the reasons why her request for a PPO had a reasonable basis in fact and was not retaliatory. Such evidence is not only relevant, but can be admissible, as evidence of Duby's character for violence may be admitted under Rules 607, 608, and 609 because Duby is a witness. Moreover, evidence of crimes, wrongs, and other acts may be admissible to show the reasonableness of Walsh's fear under Federal Rule of Evidence 404(b)(2).

Duby tries to pick apart his Mother's *pro se* petition for PPO, filed two weeks before she was to undergo brain surgery, by stating that the only crimes she mentioned therein were property crimes and that her fear in part stemming from knowledge of Duby's fight with a man *a month before* he moved in with her is somehow unreasonable because it was too remote. *See* Doc. 35, Pl's Mot. for PO, at p. 9. But Duby has cited no law to support his apparent argument that a defense against a claim of retaliation cannot include information that was known to the defendant and animated her fear, even if it was not presented to the Court. *Id.* at 9-10.

Moreover, Plaintiff knows why his Mother omitted from her PPO petition the real reasons for her fear of her Son -- a motherly, yet misguided desire to keep him out of jail. Doc. 42-2, Walsh Dep. 273:9-274:8 (explaining why she did not mention his ownership of a gun with the serial number scratched off: "I was in so much distress, if I would have put the gun down and they would have went after him, he's a two time convicted felon . . . I didn't want him to go to jail – just to stay away from me."). Duby's criticisms prove only that he is willing to argue anything. Walsh's discovery requests are not about "shoring up" an allegedly "deficient" PPO, but rather relevant to her defense against his claim of retaliation.

B. <u>Requests relevant to Walsh's defense that Duby asked not to be put on payroll and other defenses.</u>

**Interrogatory 6**: Set forth names and addresses of each and every employer that plaintiff has had in the last fifteen years, including with respect to each: the inclusive dates of employment, the occupational title and a description of the work performed, the rate of compensation, average gross weekly earnings and reason for termination.

- This request is proportional and relevant as Plaintiff's work history, work ethic, and current employment relates to Walsh's counterclaims for unjust enrichment, conversion, and tortious interference. Walsh's counterclaims allege that Plaintiff stole from the store and conducted other illegal activity there. If Plaintiff has been discharged from employment in the past for stealing from an employer or any other illegal activity, these would be examples of "incidents of the same type" under the Rules.

- This request is additionally relevant because Duby's current employer, Rex Crist, testified that he was unaware that Duby had an outstanding child support order and that each of his stores pays Duby "out of the cash register." Ex. 2, Crist Dep. 6:4-18; 10:9-11:2. Duby continuing to work "under the table" corroborates Walsh's testimony that Duby requested not to be put on payroll and is another example of "incidents of the same type" under the Rules.

**Document Request 4:** Produce Plaintiff's child support order(s) governing the period from October 2013 to the Present.

- This request is proportional and relevant to Defendants' affirmative defenses against Duby's federal and state labor claims, including that Duby's claims are barred due to unclean hands, consent, acquiescence, his failure to act in good faith, and his own acts, because he chose not to be on payroll at the store so that he could avoid his child support obligations.

- Duby told his Mother that he did not want to be made a regular employee, so she had him help at the store in exchange for room, board, cash, cell phone, truck, etc. If Duby attempts to deny that he requested not to be on payroll to avoid child support obligations, the answer to this discovery request could be used to impeach him, which is proper under Rule 26.

**Document Request 5**: Produce documents sufficient to show all of Plaintiff's child support payments from October 2013 to the Present.

- The purpose and justification of this document request is the same as Document Request 4.

**Request to Admit 2**: Admit that you had child support obligations that were unpaid between October, 2013 and March 30, 2016.

- The purpose and justification of this request to admit is the same as Document Requests 4 and 5.

      C. <u>Requests relevant to Walsh's affirmative defenses for offset and unclean hands, to Duby's claim for damages, and to his character for truthfulness.</u>

**Document Request 11**: List each and every bank account or credit card account in Plaintiff's name or accessed by Plaintiff from October 2013 to Present.

- This request is proportional and relevant to Duby's claim for damages, as he has claimed all allegedly unpaid wages, even though he received valuable room, board, other benefits, and cash from his Mother. It is also relevant to Defendants' affirmative defense that they are entitle to an offset that exceeds the amount that Duby requests as damages.

- This request seeks bank account and credit card information so that Walsh can subpoena Duby's bank records as necessary to show that Duby was given cash for his help and to offset damages.

**Document Request 12**:   For each of the above-listed accounts, produce a complete copy of records showing deposits to or payments from such accounts during the time period that Plaintiff alleges he was not paid by Defendants.

- The purpose of this request is the same as the purpose for request for production 11.

- Request 12 seeks records showing deposits or payments during the time that Plaintiff alleges he was not being paid by Defendant is directly relevant to his claim for damages and her claim for offset.

**Document Request 20**:   Produce all tax returns, with schedules, filed by Plaintiff from 2013 to 2016.

- The purpose of this request is the same as the purpose for requests for production 11 & 12.

- In addition, Request 20 is for Duby's tax returns, which will show whether he claimed income for the deposits made to his accounts and in-kind benefits of room, board, etc. If he did, this information will offset Duby's damages.

- Moreover, if Duby failed to file tax returns or his returns do not reflect his income as defined by the Internal Revenue Code, this failure will go toward his credibility (character for truthfulness) and will be used to impeach him if he puts his character for truthfulness at issue.

D. Requests relevant to the knowledge of Duby's witnesses.

**Document Requests 16 & 17:** These document requests any documents (defined broadly) authored by Plaintiff or his agents, servants, and/or friends regarding the issues in this lawsuit. Duby objects in that the requests seek information authored by his friends over whom he does not exercise control.

- The requests, insofar as they seek documents authored by Duby's friends that are in Duby's possession, are relevant and proportional because several of Mr. Duby's friends (including his girlfriend Sondra Smith) regularly spent time at the store and are listed on his witness list. Therefore, these writings or recordings by friends regarding the claims or defenses in this lawsuit may be used "to impeach a likely witness."

- Plaintiff may be in possession of some of these notes or writings if they were given to him or sent to him electronically; in that case, Plaintiff should furnish them.

E. Request relevant to Duby's motives for bringing this lawsuit.

**Document Request 23:** Have you ever before made a claim or filed a lawsuit against anyone or have you ever been a respondent in a lawsuit? If so, set forth the state, county and court where such claim or lawsuit was instituted, the names and addresses of the opposing parties in said lawsuit and their attorneys, the date of said lawsuit and the claims in the lawsuit.

13

- This request addresses whether Plaintiff has ever been involved in other lawsuits. It is relevant and proportional as Plaintiff may have abused employment laws in the past by requesting to be paid under the table or in-kind and then later suing his employer for unpaid wages. As Defendant's defense includes the allegation the Plaintiff requested not to be on payroll, this request goes to "other incidents of the same type." If Plaintiff has filed other suits that were dismissed as frivolous or harassing, this information may lead to the discovery of relevant information both regarding incidents of the same type and potential impeachment.

> F.  Requests relevant to Walsh's tortious interference counterclaim and unclean hands defense.

**Request to Admit 16:** Admit that you drank alcohol on the premises of Shirley May's Place.

- This request is relevant and proportional to Walsh's tortious interference claim, which alleges that Plaintiff interfered with Defendant's business relationships and expectancies by, among other things, "committing illegal and wrongful acts at Shirley May's." (Answer to 2nd Am. Compl. ¶ 22.) Moreover, Defendant has alleged that Plaintiff brought this lawsuit in retaliation against his mother after their falling out over Plaintiff's illegal activities at the store. (*Id.* at ¶ 5.)

- Walsh is aware that Duby drank alcohol both alone and with his friends at the store, without paying for or charging for the alcohol consumed, as she witnessed these events first-hand and was also told by former patrons that this activity was taking place and had made them feel uncomfortable such that they did not return to the store.

- This request seeks evidence of wrongful acts not as improper character evidence but to show the damage that Duby's conduct wreaked on the business, which is part of Walsh's tortious interference claim. Such evidence is admissible under Rule 404(b)(2).

**Request to Admit 18:** Admit that you sold marijuana out of Shirley May's Place.

- This request to admit is relevant and proportional to Walsh's tortious interference claim, which alleges that Plaintiff interfered with Defendant's

14

business relationships and expectancies by, among other things, "committing illegal and wrongful acts at Shirley May's." (Answer to 2nd Am. Compl. ¶ 22.) Moreover, Defendant has alleged that Plaintiff brought this lawsuit in retaliation against his mother after their falling out over Plaintiff's illegal activities at the store. (*Id.* at ¶ 5.)

- Walsh is aware that Duby sold marijuana out of the store because after she closed the store, she was told by several former patrons that this activity was taking place and had made them feel uncomfortable such that they did not return to the store.

- This request seeks evidence of crimes or wrongful acts not as improper character evidence but to show the damage that Duby's conduct wreaked on the business, which is part of Walsh's tortious interference claim. Such evidence is admissible under Rule 404(b)(2).

**Request to Admit 19**: Admit that you received a box of firearms at Shirley May's Place.

- This request is relevant, proportional, and potentially admissible for the same reason as Request 18.

- A former patron of Shirley May's Place told Walsh that he observed someone enter the store with a box of firearms and take it back to the office.

### III.   **This Court Should Award Costs and Attorneys' Fees Because of Plaintiff's Unreasonable Position in Refusing to Respond to Discovery.**

For the reasons set forth above, and because counsel for Walsh explained the relevancy and proportionality of Defendants' discovery requests in detail in writing, *see* Doc. 35-6, and again at Duby's deposition to no avail, this Court should grant this motion to compel and award costs and attorney's fees for the preparation of this motion as well as for counsel's time in having to prepare for and resume Duby's deposition when it could have been completed in a single day.

15

**IV.** **There is Good Cause to Modify the Scheduling Order Because Defendants are Unable to Complete Discovery Until the Resolution of These Cross-Motions.**

This Court may modify the scheduling order for "good cause." L.R. 40.2; Fed. R. Civ. P. 16(b)(4). Here, Defendants have not been able to complete necessary discovery as Duby was instructed not to answer a host of Defendants' questions at his deposition that are relevant and necessary to their ability to prove their counterclaims and assert their defenses. He has also refused to answer related interrogatories, requests for admission, and to furnish requested documents. As such, it will be impossible for Defendants to prepare their case until after these cross-motions are decided. Defendants should not be disadvantaged in the preparation of their case by Duby's intransigence in interposing this meritless motion. Defendants respectfully request that this Court extend the discovery deadline to thirty (30) days after it resolves these cross-motions and to extend all other deadlines in the case accordingly.

**CONCLUSION**

For the reasons set forth above, Defendants Denise Walsh and Shirley May's Place, LLC respectfully request that this Court grant Defendants' motion to compel discovery responses to the requests that are the subject of Duby's motion for protective order, and award Defendants costs and attorneys' fees. Defendants further request that this Court continue the discovery deadline, currently set to close on June

16

30, 2017, to thirty (30) days after these cross-motions are decided, and to extend the

other dates in the schedule accordingly.

Respectfully submitted,

HOOPER HATHAWAY, P.C.

Dated:   July 28, 2017            BY:   /s/ Ashley Waddell Tingstad
                                        Ashley Waddell Tingstad (P81463)
                                        126 South Main Street
                                        Ann Arbor, MI  48104
                                        (734) 662-4426
                                        atingstad@hooperhathaway.com
                                        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

BY:   /s/ Ashley Waddell Tingstad
      Ashley Waddell Tingstad (P81463)
      126 South Main Street
      Ann Arbor, MI  48104
      (734) 662-4426
      atingstad@hooperhathaway.com
      Attorney for Defendants

17